Chief J ustiee Bibb
delivered the Opinion of the Court.
By articles of agreement between Cardwell Breathitt and James D. M’Curdy, of the 11th January, 1818, the latter sold to the former a tract of land, for which Breathitt stipulated to execute four notes, three of three hundred dollars each, and the last of two hundred and eighty-seven dollars fifty cents, payable in successive annua] *233 payments, the first to be due, January, 1819, and so on. Instead of executing four notes, that pa'rt of the agreement was not carried into effect, until the 27th January, 1819, when the two first notes of three hundred each, were blended, and one note for six hundred dollars, payable 1st January, 1820, was executed, and two others as before stipulated.
Agreement ^contract,
Mistake of th<s gnue of°n fact on which llc drew the “““j" erroTuithe writings,
Judgment, ^ l*e' petual in^ junction,
On the 26th June, 1820, it was agreed between the parties, that M’Curdy should take back the land; that Breathitt should pay the balance due, on the supposed first note of three hundred dollars, having paid thereof, one hundred and sixty dollars that he should pay sixty-two dollars fifty cents, to Mrs. Hunter, and should have the cedar, standing on the land, within certain specified boundaries.
In reducing this contract to writing, Breathitt labored under a mistake in supposing that the notes had been executed acording to the original agreement, and that the first note was for three hundred dollars instead of six hundred.
M’Curdy, perceiving that Breathitt was under that mistake, did not correct it, but by artifice, drew the contract of 1820, binding himself “to give said Cardwell all the notes he received from him in a former contract for said land except the first note;” in other respects the writing is drawn according to the agreement. Breathitt, under the mistake, and M’Curdy not correcting it, but endeavoring to profit by his artifice, mutually signed the article so drawn. Breathitt, paid up the money according to the contract of 1820.
But M’Curdy afterwards demanded payment of six hundred dollars, and insisting on the mistake so committed, obtained a judgment at law. Breathitt exhibited his bill for relief against this mistake, on his part, and*artifice on the part of M’Curdy, and by the decree of the circuí court, obtained a perpetual injunction against the judgment at law, from which, M.’Curdy has appealed.
The parol evidence was objected to, but the objection was not sustained below; and that question is again stirred in this court.
Mistakes in •written contract may be corrected by parol evidence, and the contract as corrected, decreed on the bill of the ■same party.
Discussion of the evidence.
2dly. It is argued for the appellant, that if the parol testimony should he thought competent and sufficient to prove the allegations as set up in the bill, yet the court should do no more than cancel the writing executed in 1820, and restore the parties to the state in which they were before that writing was executed; without enforcing the agreement of 1820, as claimed by the bill.
The questions as to the admissibility of parol proof to prove the mistake in the written agreement, and the propriety of rectifying the mistake, amending the writing and decreeing specific execution of it as so amended, were fully discussed by chancellor Kent, in Giilispie vs. Moon, (2 John, ch. ca. 593,) and the effect of the statute of frauds was considered. The cases upon these subjects are reviewed; many cases are cited of mistakes in bonds and other writings being rectified, and the writings amended and decreed as amended, Upon full consideration of these quetions, as to the competency of parol proof to establish a mistake in the written agreement; as to the effect of the statute of frauds, and as to the propriety of amending the writing by rectifying the mistake, and decreeing specific execution thereof, according to the amendment; he gave relief upon parol proof against the denial of •the answer, by rectifying the mistake and decreeing specific execution accordingly, on behalf of the complainant. The like determination ’was made in case of Liggett’s heirs vs. Ashley, (5 Litt. Rep. 178.)
The court is fully satisfied of the mistake, and of the artifice by which Breathitt was induced to sign the agreement as drawn, and signed also by M’Curdy, not fully expressing the true agreement. There is no positive inconsistency between the contract as proved, and that contained in the writing, and the parol proof does not add a new and substantive stipulation,, not contained in the agreement, but only corrects that, wherein Breathitt is by inference bound to pay more than he was to pay according to the agreement. It is rather cxpunging’than adding a stipulation. It is correcting a mistake by which *235 the writing as drawn, is made to contain by infer-fence more than the contract.
¡Mayes, for appellant;' Crittenden, for appellees.
Decree affirmed with costs.